**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL RAYA-RIVAS,<br><br>          Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>          Respondent. | No. 12-73964<br><br>Agency No. A089-091-041<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Miguel Raya-Rivas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010), and we review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Raya-Rivas's contentions as to his cousin's alleged kidnapping because the IJ found this claim was not credible, and Raya-Rivas did not challenge the IJ's finding on appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in proceedings below).

We reject Raya-Rivas's due process contention that the agency did not sufficiently address whether changed circumstances excused his untimely asylum application. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, we deny the petition for review as to asylum.

Raya-Rivas testified that he did not experience past harm or threats in Mexico. Substantial evidence supports the agency's determination that he failed to establish it is more likely than not he would be persecuted on account of a

12-73964

protected ground.  *See Zetino*, 622 F.3d at 1016; *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").  Thus, Raya-Rivas's withholding of removal claim fails.  *See Zetino*, 622 F.3d at 1016.

Finally, substantial evidence supports the agency's denial of Raya-Rivas's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**